# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jackie Sue Chamblee,<br><br>    Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>    Defendant. | No. CV-12-222-TUC-RCC-DTF<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Jackie Sue Chamblee brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner). This case presents four issues on appeal,[1] whether the Administrative Law Judge (ALJ): properly evaluated the 2010 and 2011 opinion evidence of Drs. Maloney, Campbell, Green and Kerns; properly evaluated the 2008 opinion evidence of Drs. Garland and Kerns; properly evaluated the opinion of Dr. Petronella; and followed SSR 00-4p. Before the Court are Chamblee's Opening Brief, Respondent's Response and a Reply. (Docs. 15, 19, 20.) Based on the pleadings and the administrative record submitted to the Court, the Magistrate Judge recommends the District Court, after its independent review, remand this case for further proceedings.

---

[1] Plaintiff initially raised a fifth claim, questioning the transcript of the July 12, 2011 hearing as defective. (Doc. 15 at 1, 7-8.) The parties agree an accurate transcript is now part of the record. (Doc. 15 at 8; Doc. 19 at 7 n.4; Doc. 18.)

## **PROCEDURAL HISTORY**

Chamblee filed an application for Disability Insurance Benefits (DIB) on October 23, 2007, and a second application on June 23, 2010. (Administrative Record (AR) 229, 241.) In those applications, Chamblee alleged disability from April 30, 2005, and January 1, 2006, respectively. (AR 229, 241.) Chamblee's application was denied upon initial review (AR 166) and on reconsideration (AR 173). A hearing was held on October 14, 2009 (AR 97-116), after which ALJ Norman R. Buls found that Chamblee was not disabled (AR 122-29). The Appeals Council consolidated Chamblee's two applications and remanded the matter for a new hearing and decision by the ALJ. (AR 162-65.) A supplemental hearing was held on July 12, 2011 (AR 863-84), after which ALJ Buls again found Chamblee not disabled. (AR 17-26.)

## **FACTUAL HISTORY**

Chamblee was born on May 1, 1966, making her 38 at the alleged onset date of her disability. (AR 229.) Chamblee completed high school and is certified as a nursing assistant. (AR 266.) She worked as a CNA from 1992 through 2005. (AR 263.) Chamblee testified that she stopped working because her back was hurting and it required too much walking (AR 103), she subsequently stated that it was because her heart condition made her tired, her neck and back hurt, and of her vision (AR 869-70). Her last insured date for DIB was December 31, 2010.

The ALJ found that Chamblee had the following severe impairments, left eye amblyopia – stable, and depression. (AR 19.) The ALJ acknowledged Chamblee's heart murmur, neck and back pain, and diabetes, but found them to be not severe. (AR 19-20.) The ALJ concluded that Chamblee could perform the full range of work at all exertional levels[2] but with non-exertional limitations: visual limitations for depth perception; and restriction

---

[2] Despite finding that Chamblee had the residual functional capacity to perform work at all exertional levels, the ALJ asked the Vocational Expert only about jobs for a person capable of no more than light work. (AR 878.)

- 2 -

to performing unskilled work including understanding, carrying out and remembering simple instructions, making judgements commensurate with the functions of unskilled work, responding appropriately to supervision, and dealing with changes in a routine work setting. (AR 22.) The ALJ found Chamblee unable to perform her past relevant work as a CNA. (AR 24.) Based on testimony from a vocational expert (VE), the ALJ found Chamblee could work in three light, unskilled occupations, as a parking lot cashier, janitor or ticket taker. (AR 25.) Thus, at Step Five, the ALJ found Chamblee not disabled because she could perform other work available in the economy. (AR 25-26.)

## **STANDARD OF REVIEW**

The Commissioner employs a five-step sequential process to evaluate DIB claims. 20 C.F.R. § 404.920; *see also Heckler v. Campbell,* 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing she (1) is not working; (2) has a severe physical or mental impairment; (3) the impairment meets or equals the requirements of a listed impairment; and (4) claimant's residual functional capacity (RFC) precludes him from performing his past work. 20 C.F.R. § 404.920(a)(4). At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. § 404.920(a)(4).

In this case, Chamblee was denied at Step Five of the evaluation process. The Step Five determination is made on the basis of four factors: the claimant's RFC, age, education and work experience. *Hoopai*, 499 F.3d at 1074. "The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines." *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the

1  Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C.
2  § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance."
3  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d
4  1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only
5  "when the ALJ's findings are based on legal error or are not supported by substantial
6  evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir.
7  2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the
8  evidence, and if the evidence can support either outcome, the court may not substitute its
9  judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402
10 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1198 (9th Cir.
11 2004).

## DISCUSSION

Plaintiff contends the ALJ erred in his evaluation of the opinions of numerous examining and non-examining physicians. Plaintiff also argues the ALJ failed to follow ruling 00-4p of the Social Security Administration.

**Opinion of Dr. Petronella**

Plaintiff argues that the ALJ erroneously evaluated Dr. Petronella's opinion by rejecting it for lack of evidentiary support and for failing to address the specific limitations he found. On July 26, 2010, Dr. Petronella opined that Chamblee could stand for 30 minutes at a time for a total of 2 hours per day, walk for 10 minutes at a time for a total of 30 minutes per day, and sit for 30 minutes at a time for a total of 4 hours per day.[3] (AR 760.) Dr. Petronella concluded that Chamblee could only occasionally pinch with the thumb and index finger, perform fine movements with her hands, reach above shoulder level and work with her arms extended in front. (AR 761.) Dr. Petronella found that Chamblee should avoid

---

[3]  Dr. Petronella stated twice that Plaintiff could do full-time (8 hours per day) sedentary work with certain restrictions; however, the number of hours per work day that he opined Plaintiff could sit, stand and walk totals only 6 ½ hours. (AR 760-61.) This is a matter for clarification on remand.

- 4 -

respiratory irritants in the workplace. (*Id.*) The ALJ did not adopt any of these restrictions and found that Dr. Petronella's opinion, that Plaintiff could perform only sedentary work, had no evidentiary support. (AR 20, 22.)

Dr. Petronella's opinions were contradicted by the opinions of consulting, non-examining physicians, Drs. Maloney and Fahlberg. (AR 503-08, 560.) Therefore, the ALJ was required to provide "specific and legitimate reasons," supported by substantial evidence, to reject the opinion of examining physician Petronella. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

The ALJ stated that he rejected Dr. Petronella's opinion, that Chamblee was limited to sedentary work, because there was "no evidence" to support it. (AR 20.) First, there is evidence to support Dr. Petronella's opinion and the ALJ erred in rejecting his opinion as wholly unsupported.[4] Dr. Petronella conducted an examination during which he found that Chamblee was obese, was in moderate discomfort from back and neck pain, took short steps, had difficulty taking several steps on toes and heels, had limited cervical and lumbar range of motion, and had tenderness to palpation. (AR 821.) Further, Chamblee consistently sought medical care from her primary care physician for neck and back pain from March 2009, through the time for which the Court has records, August 2010. (AR 667, 673, 716, 718, 720-22, 784.) X-rays indicated slight degenerative changes to the lower lumbar spine (slight disc space narrowing at the L4-5 and L5-S1 level with associated sclerosis and spur formation), and straightening and rotation of the cervical spine with no significant degenerative change.

---

[4] The Commissioner points out that there need be only substantial evidence to support the ALJ's opinion, and that it is irrelevant whether there is substantial evidence to support Plaintiff's position. (Doc. 19 at 12.) While true, the Court reviews only whether there is substantial evidence to support the reasoning put forth by the ALJ. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (holding that a court cannot affirm on a ground upon which the ALJ did not rely). Therefore, the Court reviews only the singular rationale asserted by the ALJ and does not evaluate Defendant's argument that there are other permissible grounds in the record upon which the ALJ could have rejected Dr. Petronella's opinion. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (constraining review solely to reasons relied upon by the ALJ).

(AR 669, 677.) In May 2009, the doctor noted posterior spine tenderness and paravertebral muscle spasm. (AR 664.) In February 2010, a physical therapist assessed Chamblee to have 75% limitation in cervical extension and right and left lateral flexion, with a 50% limitation in right and left rotation. (AR 754.) In May 2010, orthopedist Dr. Goorman noted little abnormal in his exam, although Chamblee had tenderness over the bilateral cervical and lumbsacral paraspinal muscles and x-rays showed decreased cervical lordosis. (AR 707.) In July, Chamblee reported new pain in her right upper extremity with burning and tingling. (AR 731.) In addition to the tramadol and muscle relaxant that Chamblee was already taking, her primary care doctor prescribed gabapentin. (AR 733, 784.)

Second, the ALJ failed to address the whole of Dr. Petronella's opinion, discussing only his finding that Chamblee was limited to sedentary work. The ALJ did not provide any rationale for rejecting the remainder of his opinion, including the limitations he found regarding reaching, handling and fingering, and exposure to environmental conditions. Third, the ALJ's reliance on the 2008 opinion of Dr. Maloney (AR 24 (citing exhibit 9F)), finding Chamblee capable of light work, did not support the ALJ's rejection of Dr. Petronella's opinion. Dr. Petronella's examination and opinion was based in large part on Chamblee's neck and back pain. (AR 821-22.) Chamblee had not yet sought treatment for neck and back pain at the time of Dr. Maloney's 2008 opinion. Further, a non-examining physician's opinion does not alone constitute substantial evidence for rejection of an examining physician's opinion. *Lester*, 81 F.3d at 831.

Fourth, the ALJ was required to evaluate all of Chamblee's impairments, even those considered not severe, when assessing her RFC. SSR 96-8p. After concluding that her neck and back pain was not severe at Step Two, the ALJ did not consider Dr. Petronella's opinion or whether there were any limitations imposed by Chamblee's pain when evaluating her RFC.

In sum, the ALJ erred in his evaluation of Dr. Petronella's opinion because his reason for rejecting the opinion was not legitimate or supported by substantial evidence, he failed to address the entirety of the opinion, and he failed to consider the opinion when assessing

1 Chamblee's RFC.

## **Opinions of Drs. Maloney, Green, Campbell and Kerns in 2010 and 2011**

Plaintiff argues that the ALJ failed to acknowledge and evaluate the 2010 and 2011 opinions of Drs. Maloney, Green, Campbell and Kerns.

First, Plaintiff argues that the ALJ failed to account for all of the limitations found by Drs. Maloney and Green. The ALJ concluded that Plaintiff had no exertional limitations. (AR 22.) In contrast, Drs. Maloney and Green found that Plaintiff could only occasionally lift 20 pounds and frequently lift 10 pounds, limiting her to light work; and should avoid concentrated exposure to extreme heat or cold, and respiratory irritants. (AR 142-43, 155-57.) Plaintiff does not argue error as to the weight limitations because the ALJ included those in his hypothetical to the VE. (AR 444.) However, the ALJ did not include in his hypothetical the environmental exposure limitations found by these doctors. (*Id.*) The ALJ assigned weight to the 2008 opinion of Dr. Maloney (AR 24), but did not acknowledge his 2010 opinion that included these environmental limitations (AR 143). The ALJ erred in not explaining the weight given to these opinions. 20 C. F. R. § 1527(b), (c), & (e)(2)(ii) (requiring an explanation of weight given to medical opinions in the absence of a treating physician's opinion being given controlling weight); SSR 96-6p.

Second, Plaintiff argues the ALJ, in finding that Chamblee could understand, carry out and remember simple instructions (AR 22), failed to consider the opinion of Drs. Campbell and Kerns that Chamblee was limited to learning and remembering tasks of 1-2 steps. The Court finds no error. In conducting a Mental Residual Functional Capacity Assessment, Drs. Campbell and Kerns found that Plaintiff could learn and remember basic work instructions and tasks of 1-2 steps. (AR 144, 158.) In completing the same form they also found that she had no understanding or memory limitations, no limitation with respect to carrying out very short and simple instructions, and was not significantly limited in her ability to carry out detailed instructions. (AR 144, 157.) Although the doctors made a specific finding that Chamblee could remember tasks of 1-2 steps, they also found more generally that she was not limited in carrying out simple instructions. The ALJ's use of that more

1  general categorization was not in conflict with the more limited finding and was not error.

2  **Opinions of Drs. Garland and Kerns in 2008**

3  In 2008, Dr. Garland found that Chamblee could perform the basic demands of
4  competitive unskilled work, "particularly in settings of low social contact." (AR 534.) Dr.
5  Garland found that Plaintiff had moderate limitations with respect to interacting appropriately
6  with the public and maintaining socially appropriate behavior. (AR 533.) These findings
7  were affirmed by Dr. Kerns. (AR 561.) In his opinion, the ALJ gave weight to Dr. Garland's
8  opinion, noting that he had found Chamblee not disabled. (AR 24.)

9  Plaintiff argues that despite giving weight to this opinion generally, the ALJ failed to
10 account for Dr. Garland's opinion that Plaintiff could work "particularly in settings of low
11 social contact." Upon remand, the ALJ should consider whether Plaintiff's work setting is
12 restricted by her limitations regarding social interaction.

13 **SSR 00-4p**

14 Chamblee argues the ALJ violated SSR 00-4p by failing to ask the VE whether her
15 testimony was consistent with the Dictionary of Occupational Titles (DOT), and Chamblee
16 contends they were in fact inconsistent. Because this case is subject to remand for further
17 proceedings, including additional testimony of a vocational expert, the Court does not reach
18 this claim. In a subsequent hearing, the ALJ should ensure that he complies with the
19 requirements of SSR 00-4p.

20 **REMEDY**

21 The Court has discretion to remand for further development of the record or for an
22 award of benefits. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th
23 Cir. 2000). Remand for further development is necessary in this case because the ALJ needs
24 to fully consider the opinions of Drs. Petronella, Maloney, Green, Garland and Kerns,
25 reassess Plaintiff's RFC in light of that reconsideration and obtain additional testimony from
26 a VE regarding Chamblee's RFC. Further, Plaintiff requested only a remand for additional
27 administrative process not an award of benefits.

28

- 8 -

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends the District Court, after its independent review, enter an order remanding the case to the ALJ for further consideration.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 12-222-TUC-RCC**.

DATED this 29th day of May, 2013.

D. Thomas Ferraro
United States Magistrate Judge