IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jackie Sue Chamblee, | ) | No. CV- 12-222-TUC-RCC |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) | |

Before the Court is the May 29, 2013, Report and Recommendation (R&R) from Magistrate Judge D. Thomas Ferraro (Doc. 21) recommending that this court remand the case for further development of the record. 42 U.S.C. § 405(g). Defendant timely filed objections to the R&R (Doc. 22), and the objections have been fully briefed. For the following reasons, this Court will adopt the R&R.

**I.   BACKGROUND**

The factual and procedural background in this case is thoroughly detailed in the Magistrate Judge Ferraro's R & R (Doc. 21). This Court fully incorporates by reference the Background section of the R & R into this Order.

**II.   LEGAL STANDARD**

The duties of the district court in connection with a R&R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U .S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return

1  the matter to the magistrate judge with instructions. FED.R.CIV.P. 72(b)(3); 28 U.S.C. §
2  636(b)(1). The Court will not disturb a Magistrate Judge's Order unless his factual findings
3  are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A).
4  "[T]he magistrate judge's decision ... is entitled to great deference by the district court."
5  *United States v. Abonce-Barrera,* 257 F.3d 959, 969 (9th Cir.2001). Where the parties object
6  to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those
7  portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v.*
8  *Arn,* 474 U.S. 140, 149-50 (1985).

## III.   DISCUSSION

Magistrate Judge Ferraro issued an R&R recommending that this Court enter an order remanding the case to the ALJ for further consideration. Citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995), Judge Ferraro found that the ALJ was required to provide 'specific and legitimate reasons,' supported by substantial evidence, before rejecting the opinion of examining physician Petronella in favor of two non-examining physicians opinions. Judge Ferraro also found that the ALJ erred in not including in his hypothetical the environmental exposure limitations found by Drs. Maloney and Green and not explaining the weight given to Dr. Maloney's 2008 and 2010 opinions. (Doc. 21 at p. 7). Judge Ferraro recommended that the District Court enter an order remanding the case to the ALJ for further consideration. Upon remand, the ALJ should "fully consider the opinions of Drs. Petronella, Maloney, Green, Garland and Kerns, reassess Plaintiff's RFC in light of that reconsideration and obtain additional testimony from a VE regarding Chamblee's RFC." (Doc. 21 at p. 8).

In her objections to the R&R, the Commissioner contends that the ALJ's decision is properly supported by the fact that Chamblee's neck and back disorders were not "severe" because the treatment consisted of only medication, the disorders did not require ongoing treatment, and the disorders did not result in limitations. The Commissioner asserts that the ALJ provided adequate reasons for not fully crediting examining physician Petronella's opinion and was entitled to rely upon non-examining physician Maloney's opinion. (Doc. 22 at p.3). In regards to the omission of the opinions by Drs. Maloney and Green in the

determinative hypothetical question discussing Chamblee's environmental limitations, the Commissioner argues that "environmental restrictions have only a minimal impact on the broad world of work because most job environments do not involve such conditions." (Doc. 22 at p. 10). Furthermore, the Commissioner asserts that even assuming the limitations specified by Drs. Petronella, Maloney, and Green were supported by the record, which the Commissioner does not concede, the ALJ's failure to find such was harmless error. Chamblee, on the other hand, contends that the ALJ erred in his finding that "no evidence" supported Dr. Petronella's opinions and argues that Chamblee's disorders did in fact create significant limitations such that the ALJ's errors were harmful. (Doc. 23, p. 2-5).

The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

The Ninth Circuit in *Lester v. Chater*, held that the ALJ committed an error of law by rejecting the opinions of the examining physicians because they conflicted with the testimony of a non-examining medical advisor. 81 F.3d at 830. Generally, the ALJ should give more weight to the opinion of physicians who treat the claimant than to the opinion of physicians who do not treat the claimant. *Id*. Accordingly, the court found that the opinion of an examining physician is entitled to greater weight than the opinion of a non-examining physician. *Id.* (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). "The opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). A non-examining physician's opinion by itself is insufficient to constitute substantial evidence that justifies the rejection of an examining physician's opinion. *Id.* at 831.

"The ALJ is responsible for determining credibility, resolving conflicts in medical

testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). By wholly rejecting Dr. Petronella's opinion based on there being "no evidence" to support it, the ALJ erred by not properly resolving the conflict in the medical testimony and failing to provide specific and legitimate reasons for rejecting Dr. Petronella's opinion. Further, non-examining physician Maloney's opinion by itself does not constitute substantial evidence for the rejection of examining physician Petronella's opinion. *Lester*, 81 F.3d. at 831. The Court, therefore, rejects the Commissioner's argument that the ALJ provided adequate reasons for not fully crediting examining physician Petronella's opinion and was entitled to rely upon Dr. Maloney's opinion.

The Court also rejects the Commissioner's argument regarding the ALJ's exclusion of the opinions by Drs. Maloney and Green in the determinative hypothetical question to the vocational expert environmental limitations. The ALJ is required to evaluate and explain in the decision the weight given to the opinions of non-examiners Drs. Maloney and Green. 20 C.F.R. § 404.1527(b), (c), & (e)(2)(ii) (2013).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Ferraro's Report and Recommendation (Doc. 21) is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court.

DATED this 11th day of September, 2013.

_____
Raner C. Collins
Chief United States District Judge